# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv339

| | |
|---|---|
| RITA KOTSIAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| LAVIE CARE CENTERS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court are the Motions to Dismiss [# 15, # 17, # 22] filed by Defendants. Plaintiff, who is proceeding *pro se,* brought this action against Defendants asserting claims of retaliation pursuant to the Americans with Disability Act of 1990 ("ADA") and civil conspiracy pursuant to 42 U.S.C. § 1985. Defendants move to dismiss the claims asserted against them in the Complaint on a number of grounds. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT in part** the motions [# 15, # 17, # 22]. The Court **DENIES in part with leave to renew** the motion [# 15].

## I.  Background

This is the second legal action brought in this Court by Plaintiff against

many of these Defendants. On October 23, 2015, Plaintiff filed suit against CMC II, LLC, La Vie Care Centers d/b/a Consulate Health Care, Consulate Management Company, Florida Healthcare Properties, LLC, and ESIS, part of the Ace Group headed by ACE Limited ("Kotsias I"). Plaintiff asserted claims pursuant to Title VII of the Civil Rights Act of 1964 and the ADA. The District Court subsequently dismissed the claims asserted against ESIS. Kotsias v. CMC II, LLC, Civil Case No. 1:15-cv-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 19, 2016) (Reidinger, J.). The District Court found that Plaintiff failed to offer any plausible factual basis to support claims under the ADA against ESIS because ESIS did not employ Plaintiff. Id. The District Court, however, denied the Motions for Summary Judgment of the remaining defendants and set the case for trial. Trial was set to begin on May 8, 2017, but Plaintiff did not appear. Defendants then filed a Motion to Dismiss for Lack of Prosecution. On August 8, 2017, the District Court entered an Order granting the Motion to Dismiss and dismissing the action with prejudice. Kotsias v. CMC II, LLC, Civil Case No. 1:15-cv-00242-MR-DLH, 2017 WL 3401518 (W.D.N.C. Aug. 8, 2017) (Reidinger, J.).

Shortly after this Court entered an order in Kotsias I recommending that the District Court grant the Motion to Dismiss filed by ESIS, Plaintiff brought this lawsuit asserting civil conspiracy claims and additional ADA retaliation claims.

Many of the Defendants in the current case overlap with those in Kotsias I. All of the Defendants now move to dismiss the Complaint in this case on a variety of grounds. The District Court referred the motions to this Court. Accordingly, the motions are now properly before this Court of a Memorandum and Recommendation to the District Court.

## II.    Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation

of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**II. Analysis**

**A. The Complaint Fails to State a Claim for Civil Conspiracy**

In order to state a claim for civil conspiracy under Section 1985, Plaintiff

must allege:

> (1) a conspiracy of two or more person, (2) who are motivated by a specific class-based, individually discrimination animus to (3) deprive the plaintiff the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (internal quotation and citation omitted). "Allegations of parallel conduct and a bare assertion of a conspiracy are not enough for a claim to proceed." Thomas v. The Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation omitted). Plaintiff must allege an agreement or meetings of the minds by each of the Defendants to violate Plaintiff's protected rights. A Soc'y Without a Name, 655 F.3d at 346; Cooper v. Johnson, No. 1:11cv102, 2011 WL 6935496, at * 4 (W.D.N.C. Dec. 30, 2011) (Howell, Mag. J.).

Plaintiff has failed to allege plausible factual allegations supporting a civil conspiracy claim against Defendants under Section 1985. At most, the Complaint sets forth a series of independent actions taken by the various Defendants related to Plaintiff's previously raised ADA claims and the action pending before the North Carolina Industrial Commission. In addition, Plaintiff complains of various actions taken by the Defendants during Kotsias I. The allegations appear to be little more than allegation of parallel conduct cloaked in

conclusory assertions of some overarching civil conspiracy to generally harm Plaintiff. Plaintiff, however, has failed to set forth plausible factual allegations that Defendants came to any agreement or had a meeting of the minds to violate Plaintiff's rights. Moreover, Plaintiff has failed to allege factual allegations that Defendants are motivated by some specific class-based discriminatory animus as required to state a claim. See A Soc'y Without a Name, 655 F.3d at 346. It appears to the Court that Plaintiff has simply attempted to repackage her ADA claims asserted in Kotsias I as conspiracy claims in this second lawsuit. Because Plaintiff has failed to set forth plausible factual allegations supporting a civil conspiracy claim against any of the Defendants, the Court **RECOMMENDS** that the District Court **DISMISS** all the civil conspiracy claims asserted against each of the Defendants in the Complaint.

### B. The ADA Retaliation Claims Against Defendants ESIS, Inc. INA, Ace Group, Work Comp Strategic Solutions, Inc., and Kelly Ongie

Title VII and the ADA both limit liability to employers. Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408 (4th Cir. 2015) ("An entity can be held liable in a Title VII action only if it is an 'employer' of the complainant."); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (applying Title VII's definition of employer to ADA claim). The Court previously found that Plaintiff failed to state a claim in Kotsias I under the ADA against Defendant ESIS because

the Complaint failed to assert any factual allegations that Plaintiff was employed by ESIS. The Complaint in <u>Kotsias I</u> alleged that Defendant ESIS was a workers' compensation insurance carrier.

     Just as in <u>Kotsias I</u>, the Complaint fails to assert plausible factual allegations demonstrating that Defendants ESIS, INA, Ace Group, Work Comp Strategic Solutions, Inc., or Kelly Ongie employed Plaintiff. The Complaint alleges that Defendants ESIS, INA, and Ace Group were under a single corporate umbrella that served as a third party administrator of the worker's compensation benefits for Defendant Florida Heath Care Properties, LLC. (Pl.'s Compl. pp 3-4.) Defendants Work Comp Strategic Solutions, Inc. and Kelly Ongie were part of some alleged "integrated enterprise" related to the other Defendants. (<u>Id.</u> p 4.) While the Complaint alleges that each of these entities or individuals was acting as agents for Plaintiff's actual employer and were given the power to make personnel decisions regarding Plaintiff (<u>id.</u> pp 3-4), such allegations are not plausible. As the Complaint makes clear, Plaintiff was first employed by Salus Rehabilitation, LLC and later Florida Health Care Properties, LLC. (<u>Id.</u> p 8-9.) The involvement of Defendants ESIS, INA, Ace Group, Work Comp Strategic Solutions, Inc., and Kelly Ongie in the payment of Plaintiff's worker's compensation benefits does not make them liable under the ADA as Plaintiff's employer. In fact, based on the

discovery and information provided in Kotsias I, allegations that these entities and individuals were liable under the ADA as Plaintiff's employer could run afoul of Rule 11 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11(b). Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the ADA retaliation claims against Defendants ESIS, INA, Ace Group, Work Comp Strategic Solutions, Inc., or Kelly Ongie.

### C. The ADA Retaliation Claims against the Remaining Defendants

Plaintiff also asserts retaliation claims against Defendants La Vie Care Centers, LLC, Consulate Management Company, LLC, CMC II, LLC, Salus Rehabilitation, LLC, Florida Health Care Properties, LLC, Centennial Health Care Holding Company, LLC, Emerald Ridge Healthcare, LLC, and Oaks at Sweeten Creek Healthcare, LLC (collectively, the "Consulate Defendants"). The Court **DENIES with leave to review** the Motion to Dismiss [# 15] as to the ADA retaliation claims against the Consulate Defendants. The Consulate Defendants shall have ten (10) days from the entry of this Order to brief the Court as to whether the District Court's recent Order dismissing with prejudice Kotsias I bars Plaintiff's ADA claims in this case pursuant to the doctrine of res judicata or some other legal doctrine.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** the motions [# 15, # 17, # 22]. The Court **RECOMMENDS** that the District Court **DISMISS** all the claims asserted against Defendants ESIS, INA, Ace Group, Work Comp Strategic Solutions, Inc., and Kelly Ongie and all the civil conspiracy claims asserted against Defendants La Vie Care Centers, LLC, Consulate Management Company, LLC, CMC II, LLC, Salus Rehabilitation, LLC, Florida Health Care Properties, LLC, Centennial Health Care Holding Company, LLC, Emerald Ridge Healthcare, LLC, and Oaks at Sweeten Creek Healthcare, LLC. The Court **DENIES with leave to renew** the Consulate Defendants' Motion to Dismiss [# 15] as to the ADA retaliation claims. The Consulate Defendants shall have ten (10) days from the entry of this Order to brief the Court as to whether the District Court's recent Order dismissing with prejudice Kotsias I bars Plaintiff's ADA claims in this case pursuant to the doctrine of res judicata or some other legal doctrine. Finally, the Court **STAYS** any discovery in this case pending a ruling by this Court on any renewed motion to dismiss.

Signed: August 26, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).