# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:16-cv-00339-MR-DLH

| | | |
|---|---|---|
| RITA KOTSIAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| LAVIE CARE CENTERS, LLC, d/b/a | ) | |
| CONSULATE HEALTH CARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendants' Renewed Motion to Dismiss [Doc. 36].

## I.     PROCEDURAL BACKGROUND

On October 22, 2015, the Plaintiff Rita Kotsias, proceeding *pro se*, filed her first lawsuit against CMC II, LLC; La Vie Care Centers, d/b/a Consulate Health Care; Consulate Management Company; Florida Health Care Properties, LLC; and ESIS.   [Civil Case No. 1:15-cv-00242-MR-DLH ("Kotsias I"), Doc. 1].   In Kotsias I, the Plaintiff asserted claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disability Act of 1990.  Specifically, the Plaintiff alleged that

the named Defendants: (1) failed to accommodate her in violation of the ADA when she returned to work following medical leave; (2) wrongfully terminated her employment in violation of the ADA; and (3) subjected her to "general harassment." [Id.].

In August 2016, four of the named Defendants filed a motion for summary judgment. [Kotsias I, Doc. 38]. The other remaining Defendant, ESIS, filed a motion to dismiss. [Kotsias I, Doc. 31]. On September 29, 2016, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the motion to dismiss be granted on the grounds that ESIS, as a workers' compensation carrier, was not the Plaintiff's "employer" within the meaning of Title VII or the ADA. [Kotsias I, Doc. 50]. On October 13, 2016, the Plaintiff objected to the Magistrate Judge's proposed conclusions of law. [Kotsias I, Doc. 59]. In her Objections, the Plaintiff requested leave to amend to assert additional factual allegations against ESIS.[1] [Id.].

While the Plaintiff's Objections and the motions for summary judgment were pending in Kotsias I, the Plaintiff filed the present action ("Kotsias II").

---

[1] Local Rule 7.1 requires that motions be filed separately from responsive pleadings, such as objections. See LCvR 7.1(c)(2). The Plaintiff, however, did not comply with this requirement.

In Kotsias II, the Plaintiff names the same Defendants as those identified in Kotsias I, plus several new entities -- Salus Rehabilitation, LLC; Centennial Healthcare Holding Company, LLC; Emerald Ridge Healthcare, LLC, d/b/a Emerald Ridge Rehab and Care Center; and The Oaks at Sweeten Creek Healthcare, LLC, d/b/a The Oaks at Sweeten Creek.  The Plaintiff alleges that all of these Defendants, the original Defendants and the newly added ones, are part of an "integrated enterprise" that constitute her employer.  The Defendants that are alleged to be part of this integrated enterprise are collectively referred to herein as "the Consulate Defendants."

In Kotsias II, the Plaintiff alleges that the Consulate Defendants conspired with their workers' compensation insurance carrier ESIS, their legal counsel Kelly Christie (formerly Ongie), and third-party claims administrator Work Comp Strategic Solutions, to take "material adverse employment actions" against her including "failure to accommodate, wrongful termination, harassment, interference and retaliation."  [Kotsias II, Doc. 1 at 2 ¶ 2].  The Plaintiff specifically asserts three causes of action in Kotsias II: (1) civil conspiracy to violate the ADA; (2) discrimination in violation of the ADA; and (3) retaliation in violation of the ADA.  The Plaintiff, however, relies on the same operative factual allegations asserted in Kotsias I to support her civil conspiracy and disability discrimination claims.

Specifically, she recounts her 2011 work-place injury; the leave she took and the medical treatment she received following the injury; her return to work; the Consulate Defendants' and ESIS's alleged refusal to accommodate her; the general treatment she received from employees of ESIS and the Consulate Defendants; and the ultimate termination of her employment. [Id.]. The only new material factual allegations in Kotsias II relate to her retaliation claim based on the Consulate Defendants' alleged failure to rehire her for two positions after her termination but before she filed Kotsias I. Specifically, the Plaintiff alleges that the Consulate Defendants refused to hire her for a clerk/receptionist position at Emerald Ridge on September 9, 10, or 24, 2014; and that they refused to hire her for a clerk/receptionist position at The Oaks on September 8 or 9, 2015. [Kotsias II, Doc. 2 at 5 ¶¶ 4-5].

In December 2016, the Court overruled the Plaintiff's Objections in Kotsias I and accepted the Magistrate Judge's Recommendation that ESIS should be dismissed. [Kotsias I, Doc. 70]. In addressing the Plaintiff's Objections, the Court also denied the Plaintiff's request to amend her allegations with respect to ESIS as untimely, noting that the Plaintiff had waited until after the Magistrate Judge had issued his Memorandum and

Recommendation before making her request. The Court also noted that her proposed amendment would be futile. [Kotsias I, Doc. 70 at 2-3].

In January 2017, all of the Defendants named in Kotsias II filed Motions to Dismiss the Plaintiff's Complaint on varying grounds. [See Kotsias II, Docs. 15, 17, 22].

In Kotsias I the discovery period had long since closed, the Defendants had moved for summary judgment, and the motions deadline had passed. The Court denied the Defendants' motions for summary judgment, and on May 8, 2017, the case was called for trial. The Plaintiff, however, did not appear.[2] The Defendants then moved to dismiss the action due to the Plaintiff's failure to prosecute. [Kotsias I, Doc. 107]. The Court granted the Defendants' Motion in open court but ordered the parties to submit supplemental briefing as to whether such dismissal should be with or without prejudice. [Kotsias I, Minute Order dated May 8, 2017]. On August 8, 2017, the Court entered an Order in Kotsias I dismissing the Plaintiff's claims with prejudice in light of her failure to prosecute. [Kotsias I, Doc. 116]. No appeal has been taken, and Kotsias I therefore is concluded.

---

[2] The Plaintiff, however, appeared and fully participated in the final pretrial conference. Thus, the Plaintiff was well aware of the precise setting for the trial, when and where she was supposed to appear, and the manner in which she needed to proceed.

Thereafter, on August 28, 2017, the Magistrate Judge issued a Memorandum and Recommendation in Kotsias II, recommending that: (1) all of the Plaintiff's civil conspiracy claims should be dismissed and (2) all of the Defendants should be dismissed with the exception of the Consulate Defendants.  As for the Consulate Defendants' Motion, the Magistrate Judge denied such motion with leave to renew and instructed the Consulate Defendants to address in their renewed motion the issue of whether the Plaintiff's claims were barred by res judicata in light of the dismissal of Kotsias I.  [Kotsias II, Doc. 28].  The Court subsequently accepted the Magistrate Judge's Memorandum and Recommendation, over the Plaintiff's Objections, on September 29, 2017.  [Kotsias II, Doc. 34].

In response to the Magistrate Judge's Memorandum, the Consulate Defendants submitted a Supplemental Memorandum of Law in Support of their Motion to Dismiss, to which the Plaintiff filed a Response and the Consulate Defendants submitted a Reply. [See Kotsias II at Docs. 29, 31, 35].  The Consulate Defendants formally renewed their Motion to Dismiss on March 20, 2018, arguing *inter alia* that the Plaintiff is barred from litigating any the claims asserted against the Consulate Defendants in Kotsias II under the doctrine of res judicata.  [Doc. 36].  The Plaintiff has not filed a Response to the renewed Motion to Dismiss.

## II.	STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering the Defendants' motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190–92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement...." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

7

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. See also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

A party may assert the defense of res judicata in a Rule 12(b)(6) motion "only if it clearly appears on the face of the complaint." Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). When considering a motion to dismiss based on the defense of res judicata, the Court may take judicial notice of facts from a prior judicial proceeding so long as the res judicata defense raises no disputed issues of fact. Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). Because the Plaintiff here does not dispute the factual accuracy of the record of her previous action against

the Consulate Defendants, the Court may properly take judicial notice of that prior action.  Id.

## III.  DISCUSSION

The doctrine of res judicata "preclud[es] parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding…."  Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). The doctrine "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes."  Brown v. Felsen, 442 U.S. 127, 131 (1979).  In order for res judicata to apply, there must be "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits."  Nash Cty. Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981).

All of these elements are satisfied here.  First, the Court dismissed Kotsias I with prejudice pursuant to Fed. R. Civ. P. 41(b) after the Plaintiff failed to appear for trial on May 8, 2017.  A dismissal with prejudice for failure to prosecute constitutes a final judgment on the merits.  See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal [for failure to prosecute] operates as an adjudication on the merits.").

Second, the Plaintiff's two lawsuits arise out of the same cause of action. "The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." Pueschel, 369 F.3d at 355 (citation and internal quotation marks omitted). Here, the claims asserted by the Plaintiff against the Consulate Defendants in Kotsias II arise from the same core of operative facts as the Plaintiff's ADA discrimination and harassment claims that were dismissed with prejudice in Kotsias I, particularly including the handling of her workers' compensation claim, her termination from employment, and workplace harassment. The Plaintiff made new allegations regarding the Consulate Defendants' failure to hire her for positions at Emerald Ridge and the Oaks in September 2014 and September 2015, but both of these allegedly retaliatory actions had already occurred before she filed her Complaint in Kotsias I on October 22, 2015. Therefore, all such claims could have been and should have been brought as part of the initial Complaint in that first action.[3]  See Pueschel, 369 F.3d at 355-56 ("the doctrine of res

---

[3] The Plaintiff contends that she could not have amended her Complaint in Kotsias I to assert these additional claims because "Plaintiff's request for leave to amend her

judicata not only bars claims that were actually litigated in a prior proceeding, but also claims that *could have been* litigated") (emphasis added).

As to the third element of res judicata, there is an identity of parties or their privies in the two suits. While the Plaintiff asserted claims of discrimination and retaliation against additional entities in Kotsias II, she alleges that these newly named Defendants, along with the previously named Consulate Defendants, were all part of an integrated enterprise that employed her. [Kotsias II, Doc. 1 at 3 ¶¶ 9-14]. The Plaintiff cannot circumvent the application of res judicata by identifying other entities which she alleges were part of the same integrated enterprise that she alleges employed her.

Accordingly, the Court concludes that the Plaintiff's claims of discrimination and retaliation asserted against the Consulate Defendants in Kotsias II are barred by her previously filed action. The Plaintiff's claims of discrimination were asserted in Kotsias I and were fully adjudicated on the

---

complaint…was denied…." [Doc. 31 at 9]. In so arguing, however, the Plaintiff cites the Court's denial of her request to amend her allegations *with respect to ESIS*. The Plaintiff never sought leave to amend her Complaint to assert additional claims against the Consulate Defendants or to add additional defendants alleged to be part of the "integrated enterprise" that employed her. The Plaintiff's argument, then, that she was somehow precluded from seeking leave to amend her Complaint in this regard is simply without merit. Moreover, if Plaintiff had included these claims in her initial Complaint, as she should have done, there would have been no need to amend.

merits. While the Plaintiff did not assert the specific claims of retaliation in

Kotsias I, such claims "clearly could have been litigated" in the prior action.

Pueschel, 369 F.3d at 356. Having failed to assert these claims in her first

action, which has been adjudicated on its merits, the Plaintiff cannot continue

to litigate such claims in the present action.[4]

Once dispositive motions were filed in Kotsias I, the Plaintiff was facing

the very real prospect that her case may be dismissed. It is clear that she

then sought to add a few more entities to the alleged "integrated enterprise"

and to add one claim based largely on the same core facts in hopes of

continuing this litigation even if the Defendants prevailed on their dispositive

motions. Indeed, it appears that the Plaintiff failed to show up when Kotsias

I was called for trial in the hopes that the Court would simply continue the

matter, thereby allowing the Plaintiff to maintain the perceived leverage that

arises from having a matter pending rather than adjudicated. Such tactics,

however, are not viewed favorably by the Court. Even with the great

---

[4] Even if Kotsias I had not been dismissed with prejudice, the claims asserted in the present action would still be subject to dismissal under the rule against claim splitting. "The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 273 F. App'x 256, 265 (4th Cir. 2008) (citation and internal quotation marks omitted). Claim splitting may constitute grounds for dismissing an action pursuant to Fed. R. Civ. P. 12(b)(6). Hinkle v. Continental Motors, Inc., No. 9:16-3707-RMG, 2017 WL 4583559, at *2 (D.S.C. Oct. 12, 2017).

deference afforded *pro se* litigants, such game-playing cannot be tolerated. As a result of the Plaintiff's manuevering, <u>Kotsias I</u> was dismissed on its merits for failure to prosecute. And that judgment is now fatal to the Plaintiff's second action.

For these reasons, the Consulate Defendants' Renewed Motion to Dismiss is granted, and this action is hereby dismissed.


**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendants' Renewed Motion to Dismiss [Doc. 36] is **GRANTED**, and all of the Plaintiff's claims against the Defendant LaVie Care Centers, LLC, d/b/a Consulate Health Care; Consulate Management Company, LLC; CMC II, LLC; Salus Rehabilitation, LLC; Florida Health Care Properties, LLC; Centennial Health Care Holding Company, LLC; Emerald Ridge Healthcare, LLC, d/b/a Emerald Ridge Rehabilitation and Care Center; and The Oaks at Sweeten Creek Healthcare, LLC, d/b/a The Oaks at Sweeten Creek are **HEREBY DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**     Signed: April 28, 2018

Martin Reidinger
United States District Judge